**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-1560**

———————

ELIZABETH HOROWITZ; ROBERT HOROWITZ; CATHY HOROWITZ,

Plaintiffs - Appellants,

v.

THE HONORABLE MICHAEL D. MASON, Judge of the Circuit Court
of Montgomery County; SERGEANT SHANNON SONGCO, Deputy
Sheriff of Montgomery County; MAURY S. EPNER; PATRICK J.
KEARNEY,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, Senior District
Judge.  (8:15-cv-03478-DKC)

———————

Submitted:  February 28, 2017        Decided:  March 10, 2017

———————

Before AGEE, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John S. Lopotto III, Washington, D.C., for Appellants.  Jason L.
Levine, Assistant Attorney General, Annapolis, Maryland; Michele
J. McDonald, Assistant Attorney General, Baltimore, Maryland;
Rachel T. McGuckian, Rachel A. Shapiro, MILES & STOCKBRIDGE
P.C., Rockville, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judge Michael D. Mason of the Maryland Circuit Court for Montgomery County entered an $87,727.76 judgment against Plaintiffs Robert Horowitz and Cathy Horowitz and in favor of the law firm of Selzer Gurvitch Rabin Wetheimer Polott & Obecny, P.C. ("Selzer"). Following entry of that judgment, the Horowitzes[1] brought the instant action alleging that two Selzer attorneys—Defendants Maury S. Epner and Patrick J. Kearney—and Defendant Sergeant Shannon Songco of the Montgomery County, Maryland, Sheriff's Office, used unlawful threats to attempt to enforce the state court judgment. The complaint also alleged that Judge Mason aided the other Defendants in this endeavor by issuing void, unconstitutional orders directing the Horowitzes to admit a private appraiser into their house and holding Robert Horowitz in contempt. The Horowitzes appeal from the district court's order granting the Defendants' motions to dismiss the complaint. We affirm.

The Horowitzes requested an order enjoining enforcement of the contempt order. The state court docket indicates that Robert Horowitz has already complied with the contempt order. Accordingly, this request is moot. See Catawba Riverkeeper

---

[1] Elizabeth Horowitz, the daughter of Robert and Cathy, is also named as a Plaintiff in the present action.

Found. v. N.C Dep't of Transp., 843 F.3d 583, 588 (4th Cir. 2016).

The Horowitzes also sought an order enjoining the Defendants "from further pursuing entry by anyone" into their residence.[2] The district court abstained under Younger v. Harris, 401 U.S. 37 (1971), a decision that we review for abuse of discretion. Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). Even where a federal court has jurisdiction, Younger requires the court to abstain from interfering in state proceedings "if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008) (internal quotation marks omitted).

The Horowitzes argue that abstaining under Younger was inappropriate because Elizabeth Horowitz was not a party to the state court action. However, the absence of a federal plaintiff from an underlying state court proceeding does not preclude the

---

[2] This request anticipates future court orders permitting entry into the Horowitzes' house, and thus is not mooted by Robert Horowitz's compliance with the contempt order, which required him to allow the sheriff into his residence.

3

application of <u>Younger</u> abstention.  <u>See</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 349-50 (1975); <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49, 53 (4th Cir. 1989).  In view of the Horowitzes' ability to challenge in state court any subsequent orders authorizing entry into their residence, we conclude that the district court's decision to abstain was not an abuse of discretion.

We agree with the district court that Judge Mason was entitled to absolute judicial immunity, as none of the conduct about which the Horowitzes complain constituted a nonjudicial action or an action taken in the complete absence of all jurisdiction.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991) (per curiam).  We also find that Songco was entitled to qualified immunity, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Graham v. Gagnon</u>, 831 F.3d 176, 182 (4th Cir. 2016).  The complaint alleged that Songco, through a subordinate officer, advised Robert Horowitz that Epner and Kearney would seek a court order to enter the Horowitzes' residence if he did not voluntarily permit their entry.  The Horowitzes characterize this action as a "threat," but, as pleaded, it amounts to nothing more than verbal notice of the lawful options that Epner and Kearney were considering.

4

Thus, the complaint failed to plead a violation of an established statutory or constitutional right.

The district court dismissed the remaining claims for failure to state a cause of action. We review de novo a district court's grant or denial of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, taking the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor. Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 658 (4th Cir. 2016).

As to Epner and Kearney, the complaint asserted violations of 42 U.S.C. § 1983 (2012), the Hobbs Act, 18 U.S.C. § 1951 (2012), and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to -204 (LexisNexis 2013) (MCDCA). Most of these claims were not adequately pleaded because they relied on the faulty premise that the verbal notice provided by Songco at the behest of Epner and Kearney constituted a threat. The remaining two MCDCA claims were similarly insufficient because they required a finding that Judge Mason's orders and the state court judgment were void.

Accordingly, we affirm the district court's dismissal of the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

AFFIRMED